[Cite as *State v. Hampton*, 2018-Ohio-3320.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,           CASE NO 13-18-01

      v.

RODNEY D. HAMPTON,           O P I N I O N

      DEFENDANT-APPELLANT.


Appeal from Seneca County Common Pleas Court
Trial Court No. 16 CR 0249

Judgment Affirmed

Date of Decision: August 20, 2018


APPEARANCES:

    *Alex K. Treece* for Appellant

    *Stephanie J. Kiser* for Appellee

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Rodney Hampton ("Hampton") brings this appeal from the December 21, 2017 judgment of the Seneca County Common Pleas Court sentencing him to a twenty-four (24) month prison term upon his conviction, by a jury, for Failure to Comply with Order or Signal of a Police Officer, in violation of R.C. 2921.331(B), (C)(5)(a)(ii), a felony of the third degree. On appeal, Hampton argues his conviction was not supported by sufficient evidence and that his conviction was against the manifest weight of the evidence.

*Facts and Procedural History*

{¶2} This matter stems from events occurring on October 14, 2016. On that date, at approximately 1:00 a.m., Officer Brent Bethel ("Bethel"), of the Fostoria Police Department, was on duty when he received a dispatch in reference to a report of a suspicious person in a garage in the 100 block of North County Line Street in Fostoria, Ohio. (Tr. 107). In response, Bethel responded to the location and observed a black Cadillac, as described by the reporting person, in a driveway. Bethel recognized the Cadillac as belonging to Hampton, due to prior involvement with Hampton. (Tr. 107). So to investigate, Bethel parked his vehicle several houses away in order to approach Hampton's vehicle on foot. Bethel's plan was to observe the area unnoticed. (Tr. 108).

{¶3} When approaching the vehicle, Bethel observed 2 people in the vehicle, recognizing Hampton as the person in the driver's seat. (Tr. 109). Leaning against the vehicle, Bethel shined his flashlight into the vehicle and knocked on the window. At that point, Bethel heard the vehicle start and watched Hampton put the vehicle into reverse to exit the driveway. Bethel jumped out of the way and began chasing the vehicle while it was being backed out of the driveway. While chasing the vehicle, Bethel ordered the driver to stop the vehicle, identifying himself as a police officer. Hampton did not respond and proceeded to exit the driveway, entering County Line Street. Nevertheless, Bethel was able to get to the front of the vehicle in the street, waving his arms and ordering Hampton to stop. Hampton did not stop and accelerated the vehicle forward causing Bethel to jump out of its way to avoid being struck. After fleeing the area, Hampton was not apprehended for several weeks.

{¶4} On December 7, 2016, a Seneca County Grand Jury indicted Hampton on one count of Failure to Comply with Order or Signal of a Police Officer, in violation of R.C. 2921.331(B), (C)(5)(a)(ii), a felony of the third degree (Count One), and one count of Obstructing Official Business, in violation of R.C. 2921.31(A), (B), a felony of the fifth degree (Count Two). (Doc. 1). Hampton pled not guilty to both charges, waived his right to a speedy trial, and the case was scheduled for a jury trial.

{¶5} On September 18, 2017, Hampton's case proceeded to a jury trial. At trial, the State called Officer Bethel as its sole witness in its case in chief. At the end of the State's case, Hampton moved the trial court for a Criminal Rule 29 Motion for Acquittal to both counts as charged in the indictment. The trial court overruled the motion and Hampton presented his defense.

{¶6} At the close of all the evidence, the jury found Hampton guilty of Count One, Failure to Comply with Order or Signal of a Police Officer, in violation of R.C. 2921.331(B)(C)(5)(a)(ii), a felony of the third degree. However, the jury found Hampton not guilty of Count Two, Obstructing Official Business.

{¶7} On December 21, 2017, a sentencing hearing was held in the trial court. Hampton was ordered to serve twenty-four (24) months in prison. The judgment entry memorializing Hampton's sentence was filed the same day.

{¶8} It is from this judgment that Hampton now appeals, asserting the following assignments of error for our review.

### ASSIGNMENT OF ERROR NO. I

**The verdict of the trial court was against the sufficiency of the evidence as the state [sic] failed to prove each element of the offense beyond a reasonable doubt.**

### ASSIGNMENT OF ERROR NO. II

**The verdict of the trial court was against the manifest weight of the evidence when the credibility of the State's only witness was in question.**

*Assignment of Error No. I*

**{¶9}** In his first assignment of error, Hampton argues that the verdict was against the sufficiency of the evidence because the State failed to prove each element of R.C. 2921.331(B), (C)(5)(a)(ii) beyond a reasonable doubt.

*Standard of Review*

**{¶10}** When reviewing a case to determine whether the record contains sufficient evidence to support a conviction, our role "is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt". *State v. Jenks*, 61 Ohio St.3d 259, at paragraph two of the syllabus.

**{¶11}** The claim of insufficient evidence raises a question of law and does not allow the court to weigh the evidence. *State v. Martin*, 20 Ohio App.3d 172, 175. Thus, this standard "gives full play to the responsibility of the trier of fact * * * to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts". *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Accordingly, the weight given to the evidence and the credibility of

witnesses are issues for the trier of fact. *State v. Thomas*, 70 Ohio St.2d 79, 79-80 (1982), *State v. DeHass*, 10 Ohio St.2d 230 (1967).

*Analysis*

**{¶12}** In this case, Hampton was found guilty of Failure to Comply with Order or Signal of a Police Officer, in violation of R.C. 2921.331(B), with an additional finding under R.C. 2921.331(C)(5)(a)(ii) that Hampton *did* cause a substantial risk of serious physical harm to Officer Bethel.

**{¶13}** R.C. 2921.331(B), (C)(5)(a)(ii) provides as follows:

> **(B) No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop.**
>
> **(C)(1) Whoever violates this section is guilty of failure to comply with an order or signal of a police officer.**
>
> **\* \* \***
>
> **(5)(a) A violation of division (B) of this section is a felony of the third degree if the jury or judge as trier of fact finds any of the following by proof beyond a reasonable doubt:**
>
> **\* \* \***
>
> **(ii) The operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property.**

**{¶14}** Although "willfully" is not a mental state identified in R.C. 2901.22, the 1974 Legislative Service Commission Comment equates "willfully" with "purposely." See *State v. Warner*, 55 Ohio St.3d 31, 63 (1990); see, also, *State v.*

*Beck*, 6th Dist. Nos. L–00–1061 and L–00–1062; *Ohio State Bd. of Pharmacy v. Poppe*, 48 Ohio App.3d 222, 227 (1988).

{¶15} Further, pursuant to R.C. 2901.1(A)(8), "substantial risk" is defined as "a strong possibility, as contrasted with a remote or significant possibility, that a certain result may occur or that certain circumstances may exist".

{¶16} Pursuant to R.C. 2901.01(A)(5), "serious physical harm to persons" means any of the following:

(a) **Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;**

(b) **Any physical harm that carries a substantial risk of death;**

(c) **Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;**

(d) **Any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement;**

(e) **Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain.**

{¶17} In the case before us, the State's evidence consisted of the testimony of Officer Bethel. Bethel testified that after he saw Hampton's vehicle in the driveway, he approached the vehicle on foot, ultimately leaning against the passenger side. He further testified that he shined his flashlight into the vehicle and

knocked on the window. Bethel testified that "at that point the window did come down several inches, Rodney (Hampton) stated to me, 'I'm sorry, officer, you scared me'". Bethel further testified that the vehicle then began moving in reverse (out of the driveway), at which time he "quickly jumped out of the way in fear of being struck by the vehicle or my foot being ran over". (Tr. 110). Thereafter, Bethel chased after the vehicle, ordering Hampton to stop, while identifying himself as a police officer.

{¶18} Bethel further testified that after chasing Hampton's vehicle into the street "[a]s I got into County Line Street, I'm standing in front of it now waiving my arms, yelling at him to stop. The vehicle then quickly accelerated forward and, again, I had to jump out of the way of the vehicle in fear of begin struck". (*Id.*)

{¶19} In our review of the record, we find that the State presented sufficient evidence to the jury that on October 14, 2016, Hampton was in the driver's seat of the black Cadillac vehicle when officer Bethel approached the vehicle parked in a private driveway. Furthermore, when ordered to stop (the vehicle) by Bethel, Hampton willfully failed to do so. Further, Hampton's driving (to flee) caused Bethel to jump out of the way of the vehicle to avoid being struck. We find this evidence competent and credible to support the jury's finding of Hampton guilty of Failure to Comply with Order or Signal of a Police Officer.

{¶20} Accordingly, Hampton's first assignment of error is overruled.

*Assignment of Error No. II*

**{¶21}** In his second assignment of error, Hampton argues that the guilty verdict was against the manifest weight of the evidence, challenging the credibility of the State's only witness.

*Standard of Review*

**{¶22}** When determining whether a conviction is against the manifest weight of the evidence, we "will not reverse a conviction where there is substantial evidence upon which the court could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt". *State v. Eskridge*, 38 Ohio St.3d 56 (1988), at paragraph two of the syllabus.

**{¶23}** In reviewing whether the trial court's judgment was against the weight of the evidence, the appellate court sits as the "thirteenth juror" and examines the conflicting testimony. *State v. Thompkins*, 78 Ohio St.3d 380, 387. In taking on this role, this court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether, in reviewing the evidence, the trial court clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed. *Id.* In making this analysis, we must be mindful that determinations of credibility and weight of the testimony remain within the jurisdiction of the trier of fact. *DeHass*, *supra*, paragraph one of the syllabus.

**{¶24}** When applying the manifest weight standard, "[o]nly in exceptional cases, where the evidence 'weighs heavily against the conviction', should an appellate court overturn the trial court's judgment." *State v. Haller*, 3d Dist. Allen No. 1-11-34, 2012-Ohio-5233, ¶9, quoting *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, ¶119. "Weight of the evidence concerns 'the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.' " (Emphasis omitted.) *Thompkins*, quoting Black's Law Dictionary 1594 (6th Ed.1990).

**{¶25}** Furthermore, "[t]o reverse a judgment of a trial court on the weight of the evidence, when the judgment results from a trial by jury, a unanimous concurrence of all three judges on the court of appeals panel reviewing the case is required." *Thompkins,* at paragraph 4 of the syllabus, citing Ohio Constitution, Article IV, Section 3(B)(3).

*Analysis*

**{¶26}** In this case, in order to convict Hampton of Failure to Comply with Order or Signal of a Police Officer, the State was required to show, beyond a

reasonable doubt, that Hampton operated a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop, and that the operation of the motor vehicle (by Hampton) caused a substantial risk of serious physical harm to person or property. See R.C. 2921.331(B),(C)(5)(a)(ii).

**{¶27}** As we discussed in the first assignment of error, the evidence presented to the jury herein consisted only of the testimonies of officer Bethel and Hampton. And, as we noted above, Officer Bethel's testimony included, if believed, all of the essential elements of Failure to Comply with Order or Signal of a Police Officer under R.C. 2921.331(B,)(C)(5)(a)(ii). Thus, the jury was able to view and hear the testimony of Officer Bethel and Hampton and were in the position to judge the credibility of Bethel and Hampton. "It is well-established that '[w]hen conflicting evidence is presented at trial, a conviction is not against the manifest weight of the evidence simply because the jury believed the prosecution testimony.'" *State v. Bates*, 12th Dist. Butler No. CA2009-06-174, 2010-Ohio-1723, ¶11, quoting *State v. Bromagen*, 12th Dist. Clermont No. CA2005-09-087, 2006-Ohio-4429, ¶38.

**{¶28}** We find that the evidence presented during the trial, coupled with the fact that the jury acquitted Hampton on the charge of Obstructing Official Business, displays to us that the jury carefully assessed the credibility of the witnesses and

properly weighed and considered all of the testimony and evidence before rendering their verdict. Therefore, we cannot find that the jury lost its way and its verdict was against the manifest weight of the evidence. Accordingly, Hampton's second assignment of error is overruled.

{¶29} Having found no error prejudicial to the appellant herein in the particular assignments of error, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and SHAW, J., concur.**

**/jlr**